DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

CONSTANCE KERRIGAN,

Appellant,

v.

DEBORAH KERRIGAN PAGE, as personal representative of
the Estate of John Edward Kerrigan, deceased,

Appellee,

No. 2D2025-3039

———————————————

July 8, 2026

Appeal from the Circuit Court for Pasco County; Brian Gnage, Judge.

Allison M. Perry of Florida Appeals, P.A., Tampa, and Russell G. Marlowe of Russell G. Marlowe P.A., New Port Richey, for Appellant.

Brooke Elvington, Dunedin, for Appellee.


SMITH, Judge

Constance Kerrigan, the Former Wife, appeals the amended final judgment of dissolution of marriage, arguing that the trial court failed to follow the remand instructions in *Kerrigan v. Page*, 401 So. 3d 569, 570 (Fla. 2d DCA 2024), and reconfigure the equitable distribution account for the entire $355,674 marital asset used to pay down the note and mortgage of nonmarital real property (the Bentcross property). The

Former Wife also appeals the trial court's denial of her request seeking interest on the equitable distribution equalizing payment, nunc pro tunc, to the date of the original final judgment of dissolution pursuant to section 55.03, Florida Statutes (2025).

In *Kerrigan,* we held that the Former Wife was entitled, pursuant to section 61.075(6)(a)(1)(c), Florida Statutes (2022), to "the reduction in the principal balance of a note and mortgage secured by nonmarital real property is a marital asset" where marital funds were used to pay down the note and mortgage of the Bentcross property. *Kerrigan,* 401 So. 3d at 570. We reversed "insofar as [the final judgment] fails to include in the equitable distribution scheme the marital paydown of the Bentcross mortgage, and we direct[ed] the trial court to <u>reconfigure the distribution to include that asset.</u>"[1] *Id.* (emphasis added). Because that did not happen on remand, we reverse and remand once more.

On remand, the trial court shall consider the statutory factors in section 61.075, Florida Statutes (2026), and <u>reconfigure</u> the equitable distribution to include the entire $355,674 paydown of the Bentcross mortgage. *See Dwyer v. Dwyer,* 981 So. 2d 1254, 1258 (Fla. 2d DCA 2008) ("Because the equitable distribution scheme has to be revisited on remand to address the use of marital funds to pay off the mortgage on the [h]usband's commercial property, the trial court must again consider the parties' assets and liabilities and the [h]usband's claims for credit for

---

[1] On remand, the trial court allocated $177,837 to the Former Husband, John Kerrigan, which is only half of the paydown amount of the Bentcross mortgage, failing to account for the other half of the paydown in the equitable distribution scheme. The Former Husband's estate concedes error on this point. While we are not required to accept this concession, *see, e.g., Deutsche Bank Nat'l Tr. Co. v. Bennett,* 291 So. 3d 605, 606 (Fla. 2d DCA 2020) ("[W]e decline to accept the concession of error . . . ."), we agree that the trial court committed error here.

2

the mortgage payments and for a special equity. On remand, the trial court must make appropriate findings as to its rationale for the new equitable distribution scheme and its disposition of the [h]usband's claims."); *Wasserman v. Wasserman*, 651 So. 2d 823, 824 (Fla. 4th DCA 1995) (holding that where a trial court is ordered to revisit the equitable distribution scheme, its discretion to "fashion an overall equitable distribution scheme on remand [is] unfettered"); *see also* § 61.075(1)(j) (including as justification for equal distribution "[a]ny other factors necessary to do equity and justice between the parties").

We next address the Former Wife's argument that she is entitled to statutory interest on the equalizing payment from the date of the original final judgment under section 55.03. *See* § 61.075(2) ("If the court awards a cash payment for the purpose of equitable distribution of marital assets, . . . the full amount ordered shall vest when the judgment is awarded . . . but shall be treated as a debt owed from the obligor or the obligor's estate, . . . unless otherwise agreed to by the parties."); *see also Erp v. Erp*, 976 So. 2d 1234, 1240 (Fla. 2d DCA 2008) ("The law generally mandates a statutory rate of interest on monetary awards from the date of the entry of the judgment."). After reconfiguring the equitable distribution scheme, the trial court may consider whether an award of statutory interest on any equalizing payment owed to the Former Wife, from the date of the original judgment, is appropriate. *See Vindel v. Stewart*, 388 So. 3d 228, 237 (Fla. 3d DCA 2024) ("In doing so, we caution however, that '[a] party in a divorce proceeding is not 'entitled' to such interest in every case, because the trial court must have broad discretion to determine the most equitable distribution of marital property under the particular circumstances.' " (alteration in original) (quoting *Mathers v. Brown*, 21 So. 3d 834, 839 (Fla. 4th DCA 2009))).

Reversed and remanded.

NORTHCUTT and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.